JAMES BRANIGAN, appellant, v. ORRIN J. ROSE et al. appellees.

*Appeal from Cook.*

The principle on which pleas in abatement of another action pending are sustained is, that the law will not permit a debtor to be harassed and oppressed by two actions to recover the same demand, where the creditor can obtain a complete remedy by one of them. If the same remedy is furnished by the first action, the subsequent one is wholly unnecessary, and is, therefore, regarded as vexatious, and will be abated. But if the remedy by the former action may be partial or ineffectual, the plea in abatement to the latter cannot prevail.

A plea in abatement, alleging the pendency of a proceeding in attachment, ought not of itself to abate a subsequent suit *in personam,* an attachment being generally a mere proceeding *in rem.* If such a plea is interposed, it should show, by a proper averment, that the defendant was personally a party to the proceeding by attachment.

Where a demurrer to a plea in abatement was sustained, no judgment was rendered at the time against the defendant, but a judgment was subsequently rendered: *Held* no error, for the defendant was not precluded from answering over after the decision sustaining the demurrer, and that, on his declining to do so, the Court proceeded properly to dispose of the case.

The mere order of the Court granting an appeal to a defendant does not divest the plaintiff of a right to an execution upon the adjournment of Court. The judgment becomes operative from the last day of the term, and continues so until the appeal is perfected by the filing of the bond. The refusal of the Court to stay proceedings on an execution, under such circumstances, cannot be assigned for error, the application being addressed to the sound discretion of the Court.

ASSUMPSIT, in the Cook County Court, brought by the appellees against the appellant. The case was heard at the November term 1846, the Hon. Hugh T. Dickey presiding. The defendant pleaded the pendency of an attachment suit in abatement, which plea appears in the brief of the counsel for the appellees. There was a demurrer to the plea, which the Court sustained. The defendant not answering further, the Court assessed the plaintiff's damages, and rendered a judgment upon the assessment.

*J. B. Thomas,* and *B. S. Morris & J. J. Brown,* for the appellant.

The Court erred in deciding the plea in abatement bad.

In 5 Johns. 101–2, the Court say: "If, then, the defendant could have been protected under à recovery had by virtue of the attachment suit, and could have pleaded such recovery in bar," &c.

The same principles will support a plea in abatement of such attachment pending and commenced prior to said suit. 19 Wend. 215.

In Kentucky, it has been held that an attachment pending has uniformly furnished a good plea in abatement. 5 Littell, 352.

In Pennsylvania, the same decision has been made.   1 Binn. 25.

The Court erred in refusing to stay proceedings on the execution, which was improperly issued.

*A. T. Bledsoe, J. A. McDougall & E. Peck,* for the appellees.

The only question in this cause arises upon the sufficiency of the following plea in abatement:

"James Branigan *ads.* Orrin J. Rose *et al.*  } Cook County Court.   *Assumpsit.*

And the said defendant, Branigan, by Morris & Brown, comes and prays judgment of the said writ and declaration thereon, because he says, that before emanation of said writ, to wit: on the 20th day of August, A. D. 1846, in the Cook County Court, sued out their certain writ of attachment, upon the same identical account, promises and undertakings in the said declaration mentioned in this present suit, as by the record and proceeding thereof remaining in the said Court of Cook county more fully appears.

And the said defendant further saith, that the parties in this and the said former suit by attachment are the same, and not other or different persons, and that the supposed causes of actions in this and the said former suit, all and each, and every of them are the same, and not other or different causes of action; and that the said former suit, so brought and presented against him, the said defendant, by the said plaintiffs as aforesaid, is still depending in the said

Court. And this the said defendant is ready to verify: Wherefore he prays judgment of the said writ and declaration in this suit, and that the same may be quashed, &c.

Morris & Brown deft's. att'ys.

James Branigan, the above named defendant in this cause, maketh oath and saith, that the plea hereunto annexed is true in substance and matter of fact.

James Branigan."

Subscribed and sworn to before me, }
this 6th day of Oct. 1846.                }

James Curtiss, Cl'k.

It was held by the Court to lack the certainty which the law requires in pleas of abatement. There were some other objections made to it; but the want of certainty in the plea was so apparent, that the other points were not considered by the Court below.

There is no averment as to who sued out the attachment, or against whom the attachment was sued out; a recital connected with the averment that former suit is still pending, is all that would indicate who were parties to the former action.

The plea should have averred the names of parties plaintiff and defendant in the former; if then, the parties did not appear to be the same, plaintiff could demur; if parties appeared to be the same and were not, there would be a variance in the proof.

The plea is otherwise defective, but as this defect is palpable, we do not think it necessary to refer to them.

For the rule as to the degree of certainty and precision required in pleas in abatement, see Graham's Pr. 228, under head of *"Ples in abatement;"* 2 Saunders, 209, *a. b.*, being in 3d vol. of modern editions; *Docker* v. *King*, 5 Taun. 652; *Roberts* v. *Moon*, 5 T. R. 487; *Haworth* v. *Spraggs*, 8 do. 516; 1 Chitty's Pl. 495.

The doctrine contained in all these cases is, that a plea in abatement must be certain to the greatest extent; that the plea will be closely scrutinized, and meet with no favor, as it is but an obstruction to the administration of justice in the particular case; that the averment of parties' names cannot

Branigan *v.* Rose *et al.*

be supplied by reference to the title in the margin, but must of itself be perfect and complete in its averments, and must be pleaded according to the strict forms of the law.

It was further insisted below, that a proceeding in attachment was generally a mere proceeding *in rem*, and, as such, would not abate a subsequent suit *in personam*. The proceeding may become personal by appearance, but in pleading an attachment suit in abatement, the plea should aver sufficient to show (if such was the fact) that the defendant was in person a party thereto.

In *Delahay* v. *Clement*, 3 Scam. 203, it was held that a proceeding to enforce a mechanic's lien could not abate a subsequent suit for the debt, for the reason that the former proceeding was *in rem*, and it was held that the remedy was cumulative.

The case of *Embree & Collins* v. *Hanna*, 5 Johns. 101, was relied on by defendant below to sustain the plea, but the Court will perceive that there is not the least analogy between the cases. There, defendants owed Hanna. Bach & Puffer, creditors of Hanna, attached this debt in the hands of defendant; it was held that Bach & Puffer acquired a lien upon the debt, and that their proceedings would abate a subsequent suit against defendants by Hanna himself. Here, had both suits been permitted to progress, there would have been separate recoveries by different parties of the same debt, and the payment of one would not discharge the other. Both proceedings were *in personam*, that is, against defendants in person, and both for the recovery of the debt.

We have no occasion to question the correctness of this decision, and while this is the only case that might be misunderstood to contain doctrine in support of the plea that we have been able to meet with, we feel confident that it has been nowhere held that an attachment *in rem* was matter of abatement to subsequent proceedings by the same parties *in personam*.

In *Winthrop* v. *Carlton*, 8 Mass. 456, and *Morton* v. *Webb*, 7 Verm. 124, are rules such as are contended for by us.

It seems to us, that in no view can an attachment suit proper, that is, a proceeding *in rem*, abate a subsequent

action. Could not an attachment be taken out in two juris-dictions, or in two counties, at the same time, reaching different properties? In this county, proceeding against goods; in another, against real estate. And could it be strictly said, in abatement of any personal action, that the attachment suits were between the same parties? Certainly not, for until appearance, there is but one party, and that party seeking a remedy, not against the person, but the property of the defendant.

Should the Court think it necessary to consider this point, we insist upon the position assumed as the law, *i. e.*, that an attachment proceeding does not abate a subsequent suit for the debt, according to the ordinary course of the common law.

A question is made as to the regularity of the execution. It is assumed that there is nothing in this point. The only authority we have seen is that reported in 1 J. J. Marsh. 93, in which the Court say, that praying an appeal does not *ipso facto* suspend the judgment or prevent any proceeding for its enforcement. Granting an injunction does not enjoin judgment until bond is given, and the cases are analogous. If he chooses, he may give the bond promptly, &c.

This must be the law. A judgment once operative, once complete, retains all its properties until discharged in fact or by law, or suspended by law. There is no law which stays the effect of a judgment until the appeal bond is executed. When the appeal bond is filed the appeal is perfected, and the case is for review in the appellate Court; but until then, there being no law to the contrary, it must be a valid, subsisting, and operative judgment, liable at any time to be enforced by process of law.

The Opinion of the Court was delivered by

TREAT, J.* This action was commenced in the Cook County Court, by Rose & Rattle against Branigan. The declaration was in *assumpsit.* The defendant filed a plea in

---

* Justices LOCKWOOD and YOUNG did not sit in this case.

abatement, averring in substance the pendency in the same Court of a proceeding in attachment on the same cause of action, commenced prior to the institution of this suit. The Court sustained a demurrer to the plea, but rendered no formal judgment of *respondeat ouster*. The defendant failing to answer further to the action, the plaintiff's damages were assessed by the Court, by the agreement of the parties. Judgment was rendered on the assessment. The defendant prayed an appeal to this Court, which was granted on the condition that he should enter into bond within ten days. Before the expiration of the ten days, and before the execution of the bond, the plaintiff caused an execution to issue on the judgment. The defendant then applied to the Judge at his chambers for an order to stay proceedings on the execution until he could move the Court to set it aside, which was denied.

The chief point in the case is, as to the validity of the plea in abatement. The principle on which pleas of this character are sustained is, that the law, which abhors a multiplicity of suits, will not permit a debtor to be harrassed and oppressed by two actions to recover the same demand, where the creditor can obtain a complete remedy by one of them. If the same remedy is furnished by the first action, the subsequent one is wholly unnecessary, and is, therefore, regarded as vexatious, and will be abated. But if the remedy by the former action may be partial or ineffectual, the plea in abatement to the latter cannot prevail. Bacon's Abr. "*Abatement*," M; Gould's Pl. 283. On this principle, it is clear that the pendency of a proceeding in attachment ought not of itself to abate a subsequent suit *in personam*. Under our statute, an attachment is generally a mere proceeding *in rem*. The judgment is *in rem*, and not *in personam*. It can only be satisfied out of the estate attached. No action can be maintained on the judgment, the record not affording *prima facie* evidence of indebtedness. The plaintiff's remedy may, therefore, be but partial and incomplete. If no estate of the debtor is attached, it fails altogether. It is true that this proceeding may become personal by an appearance, but in

Branigan *v.* Rose *et al.*

pleading the pendency of an attachment in abatement, the plea ought to show by a proper averment that the defendant was personally a party to the proceeding. In the opinion of the Court the plea in question is bad. This view of the case is sustained by the authorities. In *Morton* v. *Webb*, 7 Verm. 123, it was decided that the pendency of a trustee action could not be pleaded in abatement of a subsequent suit, in the common law form, for the same cause of action. That case is identical in principle with the present. In *Delahay* v. *Clement*, 3 Scam. 201, this Court held that a proceeding under the statute to enforce a mechanic's lien could not abate a subsequent action for the same demand, on the ground that the former proceeding was *in rem*, and might not, therefore, afford a complete remedy. See, also, the case of *Winthrop* v. *Carleton*, 8 Mass. 456. We have been referred to the cases of *Embree & Collins* v. *Hanna*, 5 Johns. 101, and *Scott* v. *Coleman*, 5 Littell, 349, as establishing a different doctrine, but on examination they fail to sustain the position. In the first case, Hanna was indebted to Embree & Collins, and Bach & Puffer, creditors of the latter, attached the debt in the hands of the former. To a subsequent action brought by Embree & Collins to recover the same debt, Hanna was permitted to plead in abatement the pendency of the attachment, for the reason that the attachment of the debt in the hands of Hanna fixed it there in favor of the attaching creditors, and that he could not afterwards lawfully pay it to the plaintiffs in the second action. In the latter case, the Court simply decided that the payment of a judgment rendered in Pennsylvania, in a foreign attachment against the defendants, was a good defence to an action brought in Kentucky on the same cause of action.

It is assigned for error, that the judgment in sustaining the the demurrer to the plea in abatement, was in chief, and not *respondeat ouster*. Technically the latter judgment should have been entered of record, but in point of fact no judgment, interlocutory or final, was then rendered. This omission was not to the prejudice of the defendant. He was not thereby precluded from answering over to the declaration,

but had an undoubted right so to do.   On his declining to do it, the Court proceeded properly to dispose of the case. *Bradshaw* v. *Morehouse*, 1 Gilman, 395, is an authority in point.

The refusal of the Judge to stay proceedings in the execution is also assigned for error.   That application was addressed to the sound discretion of the Judge, and his decision thereon cannot be assigned for error.   As well might the refusal of a Judge to allow an injunction, or grant a writ *habeas corpus*, be assigned for error.   The discretion, however, was properly exercised.   The plaintiffs had the unquestioned right to an execution on the adjournment of the Court. The mere order granting the appeal did not divest that right. The judgment became operative from the last day of the term, and continued so until the appeal was perfected by the filing of the bond.   The allowance of the appeal was conditional, and did not operate as a supersedeas on the proceedings until there was a compliance with the condition.

The judgment of the Cook County Court is affirmed with costs.

*Judgment affirmed.*

