GERTRUDE T. EDNEY ET AL. V. JAMES E. BAUM ET AL.

FILED DECEMBER 21, 1897. No. 9188.

Executors and Administrators: REVOCATION OF LETTERS: EFFECT ON ACTION. Where the letters of an administrator or executor have been revoked, such *quondam* personal representative has no standing in the supreme court to question the correctness of a judgment rendered by the district court in an action wherein he was a party when such revocation took place.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Proceeding in error dismissed.*

*Richard Cunningham* and *Lamb & Adams,* for plaintiffs error.

*Burr & Burr* and *C. E. Magoon, contra.*

RYAN, C.

On questions differing widely from those now presented an opinion has been filed in this case. (*Edney v. Baum,* 44 Neb. 294.) After the case had been remanded to the district court of Lancaster county an amended petition was filed in which "Gertrude T. Edney and Patrick Cavanaugh, as executors of the last will of James A. Edney, deceased," alone were named as plaintiffs.

The defendants were James E. Baum, David Baum, and Daniel Baum. The relief prayed was a judgment for the amount of damages alleged to have been sustained by the estate of James A. Edney by reason of the fraudulent representations of the value of certain lots made by defendants, whereby said personal representatives of James A. Edney had been induced to accept said lots as part payment for a certain stock of goods constituting a part of said estate, which stock, by said executrix and executor, had been sold to the defendants. While the jury were deliberating upon the verdict to be rendered upon the issues which had been joined between said litigants the defendants by their supplemental answer alleged that before the trial had begun the said executrix and executor had been finally discharged upon their petition, whereby there had been a representation and showing made by them that the estate of their testator had been fully settled. There was a prayer for a dismissal of this action and that it might be abated. On April 6, 1896, being the day on which the above described supplemental answer was filed, there was returned a verdict for the plaintiffs in the sum of $3,000, and, within three days thereafter, the defendants filed their motion for a new trial. In October, 1896, there was filed by plaintiffs in said court a paper described as "Reasons why motion for new trial should not be granted." In this paper the objections to sustaining the motion for a new trial were that the discharge of the executrix and executor had been made improvidently and against the wishes of said executrix and executor. The district court filed its special findings on December 11, 1896, and thereon dismissed the action because of the discharge of said personal representatives of James A. Edney and because the petition failed to state a cause of action. As the conclusion reached with reference to the first of these propositions must dispose of this proceeding in this cause, we shall refrain from the expression of any opinion with reference to the merits of the second. Upon

the issues of fact presented by the supplemental answer there was a finding by the district court adversely to the contentions of the plaintiff. No bill of exceptions was settled, for which reason this finding must be recognized as conclusive. In this proceeding, therefore, we are bound to assume that the proper probate court, acting within the scope of its powers and with jurisdiction of the subject-matter, regularly entered an order whereby the executrix and executor of the estate of James A. Edney were discharged. The consequences of this discharge must now be considered and determined.

Section 336, chapter 23, Compiled Statutes, provides: "When an executor or an administrator shall die, be removed from office, or resign, or when his letters shall be revoked, during the pendency of any suit in which he is a party, the suit may be prosecuted by or against the executor or administrator appointed in his place, if any shall be appointed, in like manner as if it had originally been commenced by or against such last executor or administrator." The defendants in error have insisted very strenuously in argument that the removal of the executrix and executor caused an abatement of the action, but it will be noticed upon a careful consideration of the language just quoted that no such result is therein contemplated. This is significant in view of the sections of the Code of Civil Procedure, which we shall now consider. It is provided in section 45 that "An action does not abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In the case of the marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife; and, in the case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest." Sections 466 and 467 of said Code provide that actions may be revived in the names of the representatives and successors of

plaintiffs within a year from the time the order of revivor might first have been made, and not later without the consent of the opposite party. The provisions of section 468 are as follows: "When it appears to the court by affidavit that either party to an action has been dead, or where a party sues or is sued as a personal representative, that his powers have ceased for a period so long that the action cannot be revived in the names of his representatives or successor, without the consent of both parties, it shall order the action to be stricken from the docket." We have referred to the above statutory provisions, not for the purposes of determining whether or not the action of the district court was in accordance with the provisions of the statute, but to illustrate our views, which are, that by the removal of the executrix and executor the action did not, *ipso facto*, abate, but remained in suspension until there should appear a party authorized to take further steps for its prosecution. While this condition of suspension existed there was no power in the *quondam* executrix or executor to prosecute error proceedings to this court, nevertheless we are asked by these very representatives to recognize them as still existing parties and at their instance to set aside an order of which they alone complain. This we are powerless to do, for the very obvious reasons that the district court, in the proper exercise of its jurisdiction, found as a fact that these alleged personal representatives had ceased to be such,—a conclusion we are bound to assume was correct, because we have not presented to us the evidence on which it was reached. From these considerations it results that as no order granting or denying relief on the application of these alleged personal representatives as plaintiffs in error can be made, their petition in error must be, and accordingly it is,

DISMISSED.