## CHICAGO TITLE AND TRUST COMPANY v. GILLETT.

[No. 10,918. Filed March 9, 1921.]

1. APPEAL.—*Parties.—Jurisdiction.—Assignment of Errors.*— The assignment of errors is appellant's complaint on appeal, and jurisdiction is acquired only over those parties adverse to appellant in the judgment appealed from who are named in the assignment. p. 110.

2. APPEAL.—*Necessary Parties.—Parties to Judgment.*—It is the parties to the judgment appealed from, and not merely the parties to the record, who must be made parties to the appeal. p. 110.

3. APPEAL.—*Parties.—Parties of Record.*—Although it is the general rule that only parties to the judgment who had been formally named as adverse parties in the cause who must be made appellees, and that it is never necessary to join as appellee one who is named and given an interest in the judgment, unless such person had been an adverse party in the proceeding, the rule is not one to which there can be no exception. p. 110.

4. APPEAL.—*Necessary Parties.—Appeal by Party Denied Appointment as Trustee.—Failure to Make Trustee Appointed Appellee.—Dismissal.*—Where, in proceedings on the application of a beneficiary of a testamentary trust, a judgment was entered denying the appointment as trustee of a trust company named in the will as successor in trust, and appointing another trust company, the trust company so appointed, having accepted the trust and qualified before the appeal bond was filed on appeal from such judgment by the trust company named as successor in trust, was a necessary party to such appeal, though the trustee appointed was not a formal party to the proceedings below, and the appeal must be dismissed for want of jurisdiction for failure to join the trustee as appellee. pp. 110, 111.

5. APPEAL.—*Term-Time.—Stay of Proceedings.—Bond.*—Under §679 Burns 1914, §638 R. S. 1881, providing that a term-time appeal shall operate as a stay only upon an appeal bond being filed, the prayer for an appeal does not operate to stay further proceedings on the judgment. p. 111.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Proceedings on the application of Gerald A. Gillett for the appointment of the First Trust and Savings Bank as trustee of a testamentary trust, instead of the Chicago Title and Trust Company, designated in the will as successor in trust. From a judgment appointing the

First Trust and Savings Bank as trustee, the Chicago Title and Trust Company appeals. *Appeal dismissed.*

*Hodges & Ridley, Charles L. Bartlett* and *Herbert W. Becker,* for appellant.

*William A. McAleer, Francis J. Dorsey* and *Gerald A. Gillett,* for appellee.

REMY, C. J.—Agnes O. Gillett died testate October 23, 1918, and at the time of her death was a resident of Lake county. By the terms of her will which was probated in the Lake Superior Court, November 12, 1918, the testatrix vested certain personal property in one John H. Gillett, in trust for the use and benefit of appellee, Gerald A. Gillett, during his lifetime, with remainder to certain named persons. The will also named the Chicago Title and Trust Company as successor in trust, on condition that it would serve on terms deemed reasonable by the court which would acquire jurisdiction over the trust upon the death of testatrix. On March 16, 1920, and while the estate of the testatrix was still in possession of an administrator with the will annexed, John H. Gillett died without having qualified as trustee. Thereafter appellee, Gerald A. Gillett, filed his petition, entitled "In the Matter of the Appointment of a Trustee under the last will of Agnes O. Gillett, deceased," in which, in addition to the facts above stated, he set forth, among other things, that appellant is a foreign corporation, unauthorized to do business in this state, and that the First Trust and Savings Bank is a solvent corporation organized under the laws of Indiana, is doing business in Lake county, and is authorized to take upon itself the administration of a trust, such as is provided for in the will. The petition further recites that the officers of the foreign corporation are hostile and unfriendly to petitioner, and had informed him that he would not be permitted to enter

their offices to confer in reference to the trust. The prayer of the petitioner is that the court appoint the First Trust and Savings Bank as trustee to administer said trust.

Appellant having entered appearance and filed an answer, the cause was submitted to the court, resulting in a finding and judgment as follows: "Comes now the parties hereto and the trial of the cause is now resumed, and the court after hearing the evidence and the arguments of counsel thereon, and being duly advised in the premises, now finds that the allegations of the petition of Gerald A. Gillett herein are true; that Chicago Title and Trust Company should not be appointed trustee under the trust created by the will of said decedent, and that First Trust and Savings Bank should be appointed as trustee of the trust created by the will of said decedent, and that this court should take cognizance of said trust, and that the prayer of said petition ought to be granted. * * * It is therefore ordered, considered, adjudged and decreed by the court that Chicago Title and Trust Company be not appointed as trustee under the last will and testament of Agnes O. Gillett, deceased, and the First Trust and Savings Bank be appointed as trustee under the last will and testament of Agnes O. Gillett, deceased, to serve without bond; and said First Trust and Savings Bank is directed to take upon itself the administration of said trust, and to account to this court for its acts in the matter of said trust upon its filing herein its written acceptance."

On the day the judgment was rendered, a motion for a new trial was overruled, and appellant prayed an appeal, and was granted sixty days in which to file bond. On May 21, 1920, which was the next day after the rendition of the judgment, the First Trust and Savings Bank appeared and filed its written acceptance. Thereafter, on July 13, 1920, appellant filed its appeal bond,

and later perfected its appeal by filing in this court the record and assignment of errors.

Appellee has moved to dismiss the appeal for the reason that the First Trust and Savings Bank is not made a party appellee in the assignment of errors.

It is well settled that, since the assignment of errors is appellant's complaint in this court, the only parties adverse to appellant in the judgment appealed from, over whom jurisdiction is acquired, are those named in the assignment of errors. *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087. It is also well established that it is parties to the judgment, and not merely parties to the record, who must be made parties to the appeal. *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791, 39 L. R. A. (N. S.) 522. It is contended by appellant, however, that it is only parties to the judgment who had been formally named as adverse parties in the cause that must be made appellees; and that it is never necessary to join as appellee one who is named and given an interest in the judgment, unless such person had been an adverse party in the proceedings. While this is the general rule, it is not a rule to which there can be no exception.

The facts in the case at bar are unusual. The trial court, in accordance with the prayer of appellee's petition, appointed the First Trust and Savings Bank as trustee, to serve without bond, and directed that it take upon itself the administration of the trust and account to the court for its acts in the matter upon its filing its written acceptance. The record which appellant has filed in this court and upon which it has assigned errors recites that on the day following the rendition of the judgment the First Trust and Savings Bank formally and in writing accepted the trust. Appellant's prayer for an appeal, made the day before the

trust was accepted, did not operate to stay further proceedings on the judgment.    The statute authorizing a term-time appeal (§679 Burns 1914, §638 R. S. 1881), specifically provides, and the Supreme Court of this state has held, that the appeal shall operate as a stay "only upon an appeal bond being filed." See *Mitchell* v. *Gregory* (1884), 94 Ind. 363; *McKinney* v. *Hartman* (1896), 143 Ind. 224, 42 N. E. 681.    See, also, *Branigan* v. *Rose* (1846), 8 Ill. 123.    The First Trust and Savings Bank having accepted the trust, it will be presumed that it complied with the order and judgment of the court, and took "upon itself the administration of the trust."    The acceptance of the trust was seven weeks before the appeal bond was filed, and about eleven weeks before the appeal was perfected.    It follows that, when appellant filed its assignment of errors, the First Trust and Savings Bank was the one party that represented the trust.    Throughout the trial the trust was in court, though not represented by any party to the suit.    As trustee the bank represented an interest in the judgment which would be affected by an affirmance or reversal thereof.

We therefore hold that, under the facts in this case, the First Trust and Savings Bank was a necessary party to the appeal; and that, inasmuch as the bank was not made a party appellee in the assignment of errors, this court has no jurisdiction.

Appeal dismissed.