Union, etc., Trust Co., Admr., *v.* Eddingfield, Admr.—78 Ind. App. 286.

UNION SAVINGS AND TRUST COMPANY, ADMINISTRATOR, *v.* EDDINGFIELD, ADMINISTRATOR, ET AL.

[No. 11,329.    Filed March 8, 1922.    Rehearing denied May 12, 1922.]

1. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.— Preferences.— Statutes.—* Section 2742 Burns 1914, Acts 1901 p. 281, fixing the order of preference in which letters of administration shall be issued, is mandatory.    p. 287.

2. EXECUTORS AND ADMINISTRATORS. — *Granting Letters to Stranger.—Revocation.—Right of Appeal.— Statutes.—* Where an administrator has been removed for misconduct, as provided by §2762 Burns 1914, §2245 R. S. 1881, he may, if aggrieved as an individual, appeal, but, where a stranger to the estate is made administrator, knowing that the appointment is subject to revocation if any one of the preferred class should apply for letters, he has no right of appeal in his representative capacity.    p. 288.

3. EXECUTORS AND ADMINISTRATORS.—*Revocation of Letters of Administrators.—Operation of Order.—*An order revoking letters of administration is self-executing, and an appeal therefrom does not operate to suspend its effect.    p. 289.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

In the matter of the estate of Robert D. Eddingfield, deceased, of which the Union Savings and Trust Company was appointed administrator.   From an order revoking its letters and appointing Lawrence A. Eddingfield, the trust company appeals.   *Appeal dismissed.*

*J. Willard Moffet, Abram Simmons* and *Charles G. Dailey,* for appellant.

*Eichhorn & Edris,* for appellees.

DAUSMAN, C. J.—Robert D. Eddingfield died intestate December 16, 1920, leaving no widow, child, father, mother, brother or sister, but left as his sole heirs at law a number of nephews and nieces who are his next of kin.   Four days later the Union Savings and Trust Company was appointed administrator of the estate of the decedent, and entered upon its duties as adminis-

NOVEMBER TERM, 1921. 287

Union, etc., Trust Co., Admr., *v.* Eddingfield, Admr.—78 Ind. App. 286.

trator. On January 3, 1921, one Jonas Griffith, a nephew of the decedent, filed an application for the appointment of Lawrence A. Eddingfield, another nephew, as administrator; and also filed a petition asking that the letters previously granted to the trust company be revoked. The trust company resisted the petition for the revocation of its letters; and one Roy L. Eddingfield, a nephew, filed objections to the appointment of Lawrence A. Eddingfield. On the request of the objector, the court made a special finding of facts and stated conclusions of law thereon. In accordance therewith the court revoked the letters issued to the trust company and appointed Lawrence A. Eddingfield administrator of the estate. From that action of the court the trust company alone has appealed and has named Lawrence A. Eddingfield, administrator of the estate of Robert D. Eddingfield, deceased, and Jonas A. Griffith, as sole appellees. Appellee Lawrence A. Eddingfield, administrator, has filed a motion to dismiss the appeal.

Our statute provides that letters of administration shall be issued in the following order: (1) To the widow or widower; (2) to the next of kin; and (3) to the largest creditor applying and residing in the state. A period of twenty days from the death of the intestate is reserved, during which any person coming within any of the preferred classes may apply for letters. If no person thus entitled to administer shall apply within the reserved period, then a competent inhabitant of the county shall be appointed. §2742 Burns 1914, Acts 1901 p. 281. The statute is mandatory, and not merely directory. *Hayes* v. *Hayes* (1881), 75 Ind. 395. The statute rests upon the theory that a person who has an interest in the property left by the decedent will be more likely to conserve the interests of all concerned than would a person who is an utter stranger to the estate. *Kinnick* v. *Coy* (1907), 40

288    APPELLATE COURT OF INDIANA,

Union, etc., Trust Co., Admr., *v.* Eddingfield, Admr.—78 Ind. App. 286.

Ind. App. 139, 81 N. E. 107; *Cooper* v. *Cooper* (1909), 43 Ind. App. 620, 88 N. E. 341.

While the trust company has attempted to appeal in a representative capacity, nevertheless the reason for the conclusion we have reached cannot be stated 2. satisfactorily without considering whether or not an appeal could have been maintained by the trust company in its individual capacity. The fact should be emphasized that the trust company was not removed on charges of misconduct, as provided by statute. §2762 Burns 1914, Acts 1883 p. 151. In cases of that sort a *quondam* administrator may be aggrieved as an individual. His right to compensation for services rendered prior to his removal, and his liability for the payment of a penalty or for damages, may be involved; and if so, his private rights may have been invaded. In such a case he may be aggrieved as a private person and if so, he would then have a right of appeal as an individual.

In the case at bar, the trust company's letters were revoked, not because any misconduct was charged against it, but simply because the statute of priorities required revocation. Where letters of administration are improvidently and irregularly granted no particular formalities are required to procure a revocation. *Mills* v. *Carter* (1846), 8 Blackf. 203; *Jeffersonville, etc., R. Co.* v. *Swayne, Admr.* (1866), 26 Ind. 477; *Williams* v. *Dougherty* (1906), 39 Ind. App. 9, 78 N. E. 1067. The trust company had no interest, inheritable or otherwise, in the property left by the intestate. It had no statutory right to administer the estate. Its right, if any, to compensation for services rendered prior to the revocation of its letters, has not been affected. Its reputation has been in no way disparaged. It was an utter stranger to the estate. It accepted the appointment knowing that its letters were subject to revocation

Union, etc., Trust Co., Admr., *v.* Eddingfield, Admr.—78 Ind. App. 286.

if any competent person coming within any of the preferred classes should apply for appointment within the twenty-day period. It stands, therefore, in the position of a mere volunteer. It follows that in its private capacity the trust company cannot be aggrieved by the revocation of its letters, and has no right of appeal as an individual.

The order of revocation was self-executing. It took effect immediately. An appeal does not operate to suspend the effect of such an order. The order 3. completely stripped the trust company of its authority and took away its representative capacity. Thereby its prior connection with the estate was completely severed. Thereafter it had no more standing as an administrator than a dead man. The principle has been well stated by the U. S. Supreme Court:

"But the relief asked for by the petition cannot be granted, because there is no case legally in this court upon appeal of either party, upon which process can be issued. The decree in the Circuit Court is against George M. Savage, executor of the last will and testament of Samuel Savage deceased. There was no other party respondent in the District Court, and the decree was passed against him in his representative character. Before the appeal was prayed on either side, he had ceased to be the representative of the estate of Samuel Savage, and had no control over it, nor any right to interfere with it by prosecuting or appearing to an appeal, or in any other manner. By his removal from the office of executor, he was as completely separated from the business of the estate as if he had been dead, and had no right to appear in or be a party in this or any other court, to a suit which the law confided to the representative of the deceased." *Taylor* v. *Savage* (1843), 1 How. (U. S.) 282, 11 L. Ed. 132.

VOL. 78—19

The following cases support the principle announced and are instructive as to other features:    *Leach* v. *Lewis* (1871), 38 Ind. 60; *Central, etc., Tel. Co.* v. *State, ex rel.* (1887), 110 Ind. 203, 10 N. E. 922, 12 N. E. 136; *Richey* v. *Cleet* (1910), 46 Ind. App. 326, 92 N. E. 175; *Mullan-phy* v. *St. Louis, etc.* (1840), 6 Mo. 563; *Edney* v. *Baum* (1897), 53 Neb. 116, 73 N. W. 454; *McCormick* v. *Sned-igar* (1892), 3 S. D. 302, 53 N. W. 83; *Cairns* v. *Donahey* (1910), 59 Wash. 130, 109 Pac. 334.

The trust company should not be permitted to put the estate to the expense of employing counsel and printing briefs; nor should it be permitted to hinder or delay the administration of the estate, nor to harass or annoy its successor, by taking an appeal as the pretended representative of the deceased.

The appeal is dismissed.