## MICHAELS v. HART.

### [No. 11,867.  Filed April 4, 1924.]

1. APPEAL.—*Parties.*—*Appellee.*—The only parties adverse to the appellant over whom jurisdiction is acquired are those named in the assignment of errors.  p. 366.
2. APPEAL.—*Parties.*—*Acting in Representative Capacity.*—On appeal from an order of the court revoking letters of administration issued to one person and appointing another who qualified and entered upon his duties, the administrator is a necessary party appellee, and the court is without jurisdiction where he is made a party only as an individual and not in his representative capacity.  p. 366.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Dr. Joseph F. Michaels was appointed administrator of an estate. Subsequently, the letters were revoked and John P. Hart appointed in his stead, who qualified and entered upon his duties. From such order of the court, the former appeals. *Appeal dismissed for want of jurisdiction.*

*Joseph P. Smith,* for appellant.

*T. D. Slimp* and *J. W. Ogdon,* for appellee.

REMY, C. J.—Samuel Templin died intestate September 23, 1923. Three days later appellant was appointed administrator of decedent's estate, and qualified as such. Thereafter, on September 29, 1923, in a proceeding instituted pursuant to §23 of the Decedents' Estates Act (§2245 R. S. 1881, §2762 Burns 1914), the letters of administration previously issued to appellant were revoked, appellant removed, and appellee appointed in his

stead. Appellee immediately accepted the trust, qualified and entered upon his duties. From the court's order, this appeal is prosecuted.

In the assignment of errors, the parties to this appeal are by appellant designated as "Dr. Joseph F. Michaels v. John P. Hart," neither party being

1, 2. designated as administrator of the estate. Appellee has moved a dismissal of the appeal on the ground that he, in his representative capacity, is not made a party appellee. Since the assignment of errors is appellant's complaint in this court, the only parties adverse to appellant in the judgment appealed from, and over whom jurisdiction is acquired, are those named in the assignment of errors. *Chicago, etc., Trust Co.* v. *Gillett* (1921), 75 Ind. App. 107, 130 N. E. 144. Throughout the proceeding which resulted in the order and judgment appealed from, the estate of Samuel Templin was in court, and since, by the court's order, one administrator was removed and another appointed, the legal representative of the estate necessarily has an interest in the judgment which would be affected by an affirmance or reversal thereof. *Chicago, etc., Trust Co.* v. *Gillett, supra; Estate of Medbury* (1874), 48 Cal. 83; *Osborn's Tutorship* (1871), 23 La. Ann. 178. It follows that appellee as administrator should have been made a party appellee, he as such administrator being the only party representing the estate at the time the assignment of errors was filed.

The right of appellant to appeal is not questioned by appellee; but, see, *Union, etc., Trust Co., Admr.,* v. *Eddingfield, Admr.* (1922), 78 Ind. App. 286, 134 N. E. 497.

For the reason that appellee in his representative capacity is not made a party appellee, this court is without jurisdiction, and the appeal is dismissed.