WEILAND, EXECUTRIX ETC. *v.* SCHEUCH

[No. 18,288. Writ of certiorari denied May 16, 1952. Motion to dismiss overruled January 8, 1953. ▮▮▮▮▮

ON WRIT OF CERTIORARI

PER CURIAM.—Appellant has filed her verified application for certiorari asserting that there is improperly omitted from the transcript herein: (1) the special findings of fact and conclusions of law entered on March 30, 1951; (2) the entry of March 31, 1951, removing appellant as executrix.

It appears from appellant's brief that the judgment herein was entered on March 31, 1951, and her motion for new trial was overruled on September 26, 1951. Appellant was granted an extension of time to and in-

cluding March 16, 1952, within which to file the transcript and assignment of errors, and the same were filed on March 15, 1952. The application for certiorari was filed on April 8, 1952.

An appellant must use reasonable diligence in applying for certiorari. *German Fire Ins. Co.* v. *Zonker* (1915), 57 Ind. App. 696, 108 N. E. 160; *Davidson* v. *Davidson* (1950), 120 Ind. App. 253, 90 N. E. 2d 821, 91 N. E. 2d 796. We, however, know of no good reason, where reasonable diligence is used, for limiting the time within which the application may be filed to the period during which an appeal could be perfected, any more than the time for filing a petition requesting that the clerk be authorized and directed to correct his certificate, should be so limited. *Montgomery Ward & Co.* v. *Thalman* (1950), 120 Ind. App. 473, 88 N. E. 2d 53, 89 N. E. 2d 294, 93 N. E. 2d 352. The cases of *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. 2d 287, and *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 43 N. E. 2d 874, insofar as they conflict herewith, are hereby overruled.

Appellant's application for certiorari is granted. It is ordered that a certiorari be and the same is hereby awarded, directed to the Clerk of the Marion Circuit Court, commanding him forthwith to make out and certify to this court a full and complete transcript of the records and proceedings in said cause required by appellant's praecipe, and more particularly in the matters and things so alleged as omitted.

## ON MOTION TO DISMISS

ROYSE, C. J.—Appellee brought this action in the Probate Court of Marion County for the removal of appellant, Cora K. Weiland, as Executrix of the last will and testament of Carrie M. Hows, deceased. Trial to the court resulted in judgment removing appellant

as executrix of said estate. Mary Louise Budd was appointed by the court as administratrix with the will annexed of said estate. From that judgment appellant appeals to this court.

The cause was submitted to this court March 15, 1952. On April 8, 1952 appellant filed her petition for a writ of certiorari to bring up the special findings of fact and conclusions of law, and the judgment of the trial court, which had been omitted from the transcript in this case. We granted that petition with an opinion May 16, 1952. *Weiland* v. *Scheuch* (1952), 123 Ind. App. 633, 105 N. E. 2d 829. Prior thereto appellant filed her brief on the merits. On May 5, 1952 appellee filed her motion to dismiss or affirm the judgment of the trial court. This motion has three specifications. We proceed to consider these in the order presented by appellee.

The first specification is based on the failure of the original transcript herein to show the judgment herein. This was cured by the return of the clerk of the Probate Court of Marion County to the writ of certiorari referred to above.

The second asserts "No appeal can be taken by an executor or administrator, as such, after their removal since such removal terminates their authority as executor or administrator notwithstanding a timely appeal and that any right of appeal by the former executor or administrator must be taken by them individually."

In the case of *Sibley* v. *Lewis et al.* (1947), 117 Ind. App. 655, 75 N. E. 2d 420, where the same contention was made, this court, speaking through Judge Crumpacker, at pp. 658, 659, said:

"We think suits to remove guardians, however styled, are necessarily brought against the individual. The very purpose of the suit is to reach the individual and strip him of his representative powers. It is the individual who is laid hold of and

removed from his trust. It is the individual who fails to perform his duties as a guardian and it is the individual who takes the oath. The judgment must necessarily be against the individual that he be and is thereby removed from his trust. So in our opinion this suit, making 'William W. Sibley, guardian of Janet Mae Sibley and Sue Ann Sibley' a party defendant, was, in fact and law, instituted against William W. Sibley as an individual and the words 'guardian, etc.' are merely *descriptive personae* and properly used to designate the matter concerning which said Sibley is being sued. . . . It is apparent that this judgment is against William W. Sibley individually and an appeal from such judgment, as an individual, is authorized by statute. §2-3201, Burns' 1946 Replacement."

See also, Henry's Probate Law and Practice, Vol. 1, pp. 172, 173, §167; *May* v. *Sansberry* (1949), 119 Ind. App. 523, 86 N. E. 2d 88 (Transfer denied).

We hold appellant has brought this appeal personally and not as the representative of the estate.

The third and last specification of appellee's motion is that "the duly qualified and acting successor administrator *de bonus non* is a proper and necessary party to said appeal." In support of this contention appellee relies on the case of *Michaels* v. *Hart* (1924), 81 Ind. App. 365, 143 N. E. 299, which sustains her contention. However, since the adoption of Rules 2-3 and 2-6 of Rules of the Supreme Court of Indiana (1949 Revision), the reasoning of that case is no longer controlling in matters of this kind. The failure to properly name parties in an appeal is no longer jurisdictional. *City of Bloomington* v. *Board of Com'rs of Monroe County et al.* (1951), 229 Ind. 419, 99 N. E. 2d 79; *Better Taste Popcorn Co., Inc.* v. *Drake et al.* (1952), 122 Ind. App. 696, 107 N. E. 2d 801, 802.

We are not required to give an opinion stating our reasons for overruling such a motion. However, because

there seems to be some misconception as to the interpretation of the above mentioned rules of the Supreme Court, we believe it may be helpful to the Bar to state our reasons for overruling appellee's motion.

In this case Mary Louise Budd, as administratrix with the will annexed of the estate of Carrie M. Hows, deceased, is a necessary party appellee. Therefore, it is ordered she be named an appellee in this case. Pursuant to Rule 2-3 the Clerk of this court is directed to notify said appellee of this action and that she has been granted thirty days to file an answer brief if she so desires.

NOTE.—Reported in 105 N. E. 2d 829 and 109 N. E. 2d 610.