RUSSELL, ADMINISTRATOR, ETC., ET AL. *v.* MOORE ET AL.

[No. 19,368. Filed February 24, 1960.]

352

*Johnston & Mankin,* of Terre Haute, for appellants.

*Buena Chaney,* of Terre Haute, for appellees.

MYERS, C. J.—This is an action upon a petition to determine heirship and to set aside letters of administration improvidently issued, brought by appellees against appellants, in which petition appellees alleged that they were nieces and nephews of the decedent, John Luther Waugh, as against appellant, Clara May Waugh, who claimed to be the common-law widow of the decedent, and who originally requested that letters of administration be issued to appellant, Robert L. Russell, as Administrator. An answer was filed in general denial, a trial was held before the Probate Commissioner of the Vigo Circuit Court, and, based upon his findings, the Judge of the Vigo Circuit Court entered judgment in favor of appellees, declaring that appellant, Clara May Waugh, was never married to the decedent and was not an heir. The judgment declared that letters of administration previously issued to appellant Russell were improvidently issued, and revoked the same and set aside the appointment of appellant Russell as Administrator. Appellants filed a motion for a new trial, which was overruled and this appeal followed.

The judgment was entered on April 20, 1959. On April 28, 1959, the court appointed one Daniel E. Kyle as Special Administrator, who accepted the appointment, duly qualified, posted bond and received letters of special administration. The motion for a new trial was overruled on May 18, 1959.

On July 10, 1959, appellant, Clara May Waugh (otherwise known as Clara May Drone and Clara May Draughn), filed a verified claim for work, labor, services and monies due her as housekeeper, servant and employee of the decedent during his lifetime, wherein she claimed a total of $13,625.60.

After obtaining an extension of time, appellants filed their assignment of error and transcript on the 4th day of September, 1959. In accordance with Rule 2-15 of the Rules of the Indiana Supreme Court, appellants had thirty days therefrom, the last day being the 4th day of October, 1959, within which to file their brief. On the 2nd day of October, 1959, appellants filed in the Clerk's Office their petition for an extension of time within which to file their brief. This petition was granted, no objections having been filed thereto. Pursuant to the granting of a further extension of time, appellants filed their brief on December 4, 1959.

On the 28th day of December, 1959, appellees filed their motion to dismiss or in the alternative to affirm the appeal, together with their brief in support thereof. The points raised by appellees in their argument in support of said motion will be considered as presented in their brief.

Appellees claim that appellant, Clara May Waugh, voluntarily acquiesced in and recognized the validity of the judgment of the trial court finding that she was not the common-law wife of the decedent, by her action in filing a verified claim for monies due her as a servant and housekeeper and for work and labor rendered as such.

The record shows that the decedent, John Luther Waugh, died on the 28th day of December, 1958, a

resident of Vigo County, Indiana; that letters of administration were issued to Robert L. Russell on or about January 12, 1959; that the first publication of notice was on January 21, 1959. The Indiana Probate Code requires that all claims against a decedent's estate, with certain exceptions, must be filed with the court in which such estate is being administered within six months after the date of the first published notice to creditors or be forever barred. Section 7-801, Burns' 1953 Replacement. The claim filed by Clara May Waugh was not within the exceptions. It has been held by this court that this statute is not a statute of limitation, but constitutes a denial of a right of action and imposes a condition precedent to the enforcement of such right of action. *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296. See, also, *Wilson* v. *Betz Corporation, et al.* (1959), 130 Ind. App. 83, 96, 159 N. E. 2d 402, 408.

In view of the fact that the appeal could be decided adversely to appellant, Clara May Waugh, and that it could be reasonably anticipated that the time within which such appeal would be perfected, briefs filed and a decision rendered, would be much beyond the date when claims could be filed against the estate, appellant, Clara May Waugh, could be considered as merely protecting her interests in the event of an adverse decision. Not having filed a claim, she would be forever barred following such a decision by this court. Under the circumstances, therefore, we do not believe that she voluntarily acquiesced in and recognized the validity of the judgment, or took a position inconsistent with the theory of the judgment, when she filed her claim against the estate.

Appellees say that notice sent by the Clerk of the Indiana Supreme and Appellate Courts, on the 14th day

of August, 1959, which granted appellants an extension of time within which to file their transcript and assignment of error, purported that the *Supreme* Court of Indiana had passed upon the petition. The record shows that the petition was duly filed by appellants in the *Appellate* Court, and the Clerk's notice if it stated that the Supreme Court had granted the extension of time was merely a clerical error on the part of the Clerk and would not affect the jurisdiction of this court.

The appellees object to the assignment of error because it shows that "Robert L. Russell, Administrator of the Estate of John Luther Waugh, Deceased," is one of the appellants; that Robert L. Russell was removed as Administrator and cannot appeal as such. We agree with appellees' contention that appellant Russell cannot appeal in his representative capacity. The judgment of removal was self-executing and took effect immediately. "Thereafter it had no more standing as an administrator than a dead man." *Union, etc., Trust Co., Admr.* v. *Eddingfield, Admr.* (1922), 78 Ind. App. 286, 289, 134 N. E. 497, 498. However, we refer to Judge Royse's opinion on motion to dismiss in *Weiland, Executrix* v. *Scheuch* (1953), 123 Ind. App. 633, 635, 636, 105 N. E. 2d 829, 109 N. E. 2d 618, 619, in which it was said:

> "The first specification is based on the failure of the original transcript herein to show the judgment herein. This was cured by the return of the clerk of the Probate Court of Marion County to the writ of certiorari referred to above.
>
> "The second asserts 'No appeal can be taken by an executor or administrator, as such, after their removal since such removal terminates their authority as executor or administrator notwithstanding a timely appeal and that any right of appeal by

the former executor or administrator must be taken by them individually.'

"In the case of *Sibley* v. *Lewis et al.* (1947), 117 Ind. App. 655, 75 N. E. 2d 420, where the same contention was made, this court speaking through Judge Crumpacker, at pp. 658, 659, said:

" 'We think suits to remove guardians, however styled, are necessarily brought against the individual. The very purpose of the suit is to reach the individual and strip him of his representative powers. It is the individual who is laid hold of and removed from his trust. It is the individual who fails to perform his duties as a guardian and it is the individual who takes the oath. The judgment must necessarily be against the individual that he be and is thereby removed from his trust. So in our opinion this suit, making "William W. Sibley, guardian of Janet May Sibley and Sue Ann Sibley" a party defendant, was, in fact and law, instituted against William W. Sibley as an individual and the words "guardian, etc." are merely *descriptio personae* and properly used to designate the matter concerning which said Sibley is being sued. . . . It is apparent that this judgment is against William W. Sibley individually and an appeal from such judgment, as an individual, is authorized by statute. §2-3201, Burns' 1946 Replacement.' "

Upon the authority of that case, we hold that appellant Russell has brought this appeal personally, and that the words "Administrator of the Estate of John Luther Waugh, Deceased," are merely *descriptio personae.*

Appellees complain that the motion for extension of time within which to file brief, which was filed on October 2, 1959, did not comply with the Rules of the Supreme Court in that (a) it was not properly served on appellees' attorney; (b) it was not filed prior to five days before the expiration of the time to file appellants' brief; and (c) no affidavit was filed showing

emergency which would permit such a petition to be filed within five days before the expiration of the time to file the brief.

Appellees' attorney has filed an affidavit with the motion to dismiss in which he states that he received only a purported Proof of Service for a Motion for Extension of Time to file Appellants' Brief, on October 2, 1959. He further states in his affidavit that on the 11th day of December, 1959, he received from the Clerk of the Appellate Court, at his request, a verifax copy of the Affidavit for Extension of Time to file Brief which had been filed on October 2, 1959. The record does not show that appellees made any effort to object in any way whatsoever to the manner in which the petition was served or filed, or filed any written objections to the granting of said petition by this court. Not having done so at the time, they are not in position to present such objections at this late date.

The most important point which appellees raise pertains to the failure by appellants to name Daniel E. Kyle, Special Administrator of the Estate of John Luther Waugh, Deceased, as a party appellant or appellee in their assignment of error. It is claimed that this is fatal to this appeal because the estate is a necessary party, and, not being named, this court has no jurisdiction to determine the appeal. We find there is merit in this contention.

Our Supreme Court has held that the law favors the appointment of a personal representative for the estate of a decedent who has an interest therein. *Hamilton* v. *Huntington* (1945), 223 Ind. 143, 58 N. E. 2d 349, 59 N. E. 2d 122. Our Probate Code states that letters of administration may be granted to persons in the following order: (1) To the executor

or executors designated in the will; (2) To the surviving spouse, or to the person or persons nominated by the surviving spouse, or to the surviving spouse and the person or persons nominated by the surviving spouse; (3) To the next of kin, or to the person or persons nominated by them. Section 7-401, Burns' 1953 Replacement. It has been held that a similar section, formerly the law in Indiana prior to the adoption of the Probate Code, commands rather than directs. If a court has issued letters of administration which were not authorized, or which contravened the express provisions of the statute, the court may, upon its own motion, or upon application of any interested person, annul or set aside the letters so issued. *Curry* v. *Plessinger* (1912), 50 Ind. App. 166, 96 N. E. 190, 97 N. E. 124.

On petition of the appellees, who, as nieces and nephews of the deceased, were interested parties, the court found that appellant, Clara May Waugh, █ was not a surviving spouse. She, therefore, could have no interest in the estate. It accordingly revoked the letters of administration issued to her nominee as having been improvidently issued. The estate was a party to these proceedings, as Robert L. Russell was sued in his representative capacity as administrator. On appeal, the legal representative of the estate necessarily has an interest in the judgment, which could be affected by an affirmance or reversal thereof. If such representative is not made a party to the appeal as an appellee, this court has no jurisdiction.

"It follows that appellee as administrator should have been made a party appellee, he as such administrator being the only party representing the estate at the time the assignment of errors was filed." *Michaels* v. *Hart* (1924), 81 Ind. App. 365, 366, 143 N. E. 299, 300.

In accordance with what we have previously said, Russell in no way represented the estate after his removal, even though the assignment of error labels him as such administrator.

In the case of *Weiland, Executrix* v. *Scheuch, supra,* this court overruled a motion to dismiss where appellee claimed that the appellant had failed to name a successor administrator in its assignment of errors as a party to the appeal. The decision stated that such administratrix was a necessary party appellee, but that adoption of Supreme Court Rules 2-3 and 2-6 had changed the reasoning of the case of *Michaels* v. *Hart, supra.* The court said as follows (123 Ind. App. at page 636, 109 N. E. 2d at page 619) :

"The failure to properly name parties in an appeal is no longer jurisdictional."

It then ordered that the administratrix be named an appellee in the case, granting her thirty days to file an answer brief if she so desired.

This procedure is not authorized in view of the recent case of *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 176, 147 N. E. 2d 591, 594, wherein the Supreme Court clarified the interpretation of Rule 2-6, and said as follows:

"Amended Rule 2-6 still requires an assignment of errors. As we construe the rule, *it does not dispense with the necessity of naming in the assignment of errors 'all parties to the judgment seeking relief by the appeal' and 'all parties to the judgment whose interests are adverse to the interests of the appellants.' Rule 2-6 does not say 'Failure to name parties will not be treated as jurisdictional.'* (Our emphasis.) The word *'properly'* limits the application and effect of the new jurisdictional rule adopted. The ordinary meaning of 'properly' is 'Suitably; fitly; strictly;

rightly; correctly; Webster's New Int. Dict. (2d Ed.) Unabridged. It may be that Rule 2-6 should be further amended, but as it stands it is now the law of this jurisdiction on appeals, and we as well as the parties to the judgment in the trial court are bound by it."

It appears, therefore, that the pronouncements quoted above in the case of *Weiland, Executrix* v. *Scheuch, supra,* were based upon an erroneous interpretation of said Rule 2-6, and that we must follow the rule as announced in *Baugher et al.* v. *Hall, Receiver, etc., supra,* and the procedure followed therein.

In view of the failure on the part of appellants to name the representative of the estate as a party appellant or appellee in their assignment of error, this court has no jurisdiction of this appeal.

Appeal dismissed.

NOTE.—Reported in 164 N. E. 2d 670.