STATE EX REL. CARVIN V. BARGER

[No. 28,312. Filed June 16, 1947.]

*Miller & Pogue,* of Franklin, for relator.

*George R. Tolen, of Shelbyville,* for respondent.

STARR, J.—This is an original action in this court for a writ of mandate requiring the respondent to grant a change of venue from the county.

The relator was named as defendant in a complaint filed in the Shelby Juvenile Court, and was duly served with process. This action was brought pursuant to

§ 3-623 *et seq.*, Burns' 1946 Replacement, to establish the paternity of a child. The relator, after the juvenile court obtained jurisdiction of his person, filed an affidavit for change of venue from the county on the grounds that the plaintiff had an undue influence over the citizens of said county and that an odium attached to the applicant and to his cause of defense on account of local prejudice. The change was denied.

On the filing of this action an alternative writ issued commanding the respondent to set aside his ruling on the motion for a change of venue and to grant the change, or show cause why it should not be done, and enjoining and restraining respondent from taking any other or further action until the further order of the court.

Respondent filed his return which shows that his action was based upon the following grounds: that a change of venue from a county is not permissable in an action to establish the paternity of a child brought under said § 3-623 *et seq.*, Burns' 1946 Replacement, due to the fact that it is not a "civil action" as contemplated by our change of venue statute being § 2-1401, Burns' 1946 Replacement.

Respondent in his brief contends that this is a special statutory proceedings and is not in the nature of a criminal or civil action and that no change of venue from the county has been expressly given in the statute creating the proceeding.

It is our opinion that a complete answer to respondent's position has been given by this court in the case of *Johnson* v. *State* (1937), 212 Ind. 375, 8 N. E. (2d) 590, 10 N. E. (2d) 40. Quoting from the opinion written by Judge Fansler this court said on page 377:

"Appellant, by verified motion conforming to the statute, asked for a change of venue from the county, which was denied. This ruling seems to have been upon the theory that the proceeding is not a civil action within the meaning of section 2-1401 Burns' Ann. St. 1933, section 190 Baldwin's Ind. St. 1934, providing for changes of venue, but is a special statutory proceeding, and that in such proceedings there is no right to a change of venue from the county unless the right to the change is expressly given in the statute creating the proceeding. There may have been some confusion in the cases, arising out of a failure to distinguish between "civil cases" in which a jury trial can be demanded under the Constitution, which has been held to be that class of cases triable by a jury at common law, and "civil cases," as defined in chapter 1 of our Civil Procedure Act, (section 2-101 Burns' Ann. St. 1933, section 14 Baldwin's Ind. St. 1934), which provides that there shall be but "one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a 'civil action.'" The change of venue statute (section 2-1401 Burns' 1933, § 190 Baldwin's 1934, *supra*) provides that the court "shall change the venue of any civil action upon the application of either party." It must follow that any adversary proceeding involving the protection of private rights or the redress of private wrongs comes within the group designated as civil action, and either party is entitled to a change of venue from the county, notwithstanding the proceeding is a special statutory one, unless there is a provision to the contrary in the statute providing for the proceeding. Thus it has been held that, where a statute creating "a special proceeding provides that the proceeding shall be summary, the procedure governing ordinary civil actions does not apply, and a change of venue from the county may not be had. *Clarke* v. *City of Evansville* (1921), 75 Ind. App. 500, 131 N. E. 82; *State ex rel. Weatherholt* v. *Perry Circuit Court et al.* (1933), 204 Ind. 673, 185 N. E. 510. But it has long been recognized that, where the statute is silent on the subject of a change of venue, the mere fact that a proceeding is a special

statutory one, does not preclude the right to a change. Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by the statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs."

See also *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453. For a further definition of a civil action see *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470.

We also note that prior to the enactment of said § 3-623 *et seq., supra,* a prosecution in bastardy was considered a civil action. *Powell* v. *The State, ex rel. Salyers* (1884), 96 Ind. 108.

The alternative mandate is made absolute and the trial court is hereby mandated to set aside his ruling on the motion for a change of venue and to forthwith grant said change.

Emmert, J., not participating.

NOTE.—Reported in 73 N. E. (2d) 673.