SIBLEY *v*. LEWIS ET AL.

[No. 17,623.   Filed November 17, 1947.]

*James E. Keating* and *Lewis W. Hammond,* both of South Bend, and *John E. Scott,* of Indianapolis, for appellant.

*Arthur L. May, George A. Crane,* and *John J. Leshmer,* all of South Bend, for appellees.

CRUMPACKER, P. J.—This is an appeal by William W. Sibley, in his individual capacity, from a judgment of the St. Joseph Superior Court removing him as guardian of Janet Mae and Sue Ann Sibley, minor heirs of Fred W. Sibley deceased. At the very outset we are confronted with the question as to whether or not the said William W. Sibley, as an individual, can appeal from the judgment of which he complains. Before discussing this question we deem it advisable to comment briefly on the record background of this appeal. The Sibley children are orphans. Their father, Fred W. Sibley, who died October 2, 1941, was the son of the appellant. Their mother, Helen N. Sibley, who died October 1, 1945, was the daughter of the appellee Essie A. Lewis by a former marriage. On October 2, 1945, the day after the Sibley children became orphans through the death of their surviving parent, appellant was duly appointed guardian of both their persons and estates by the St. Joseph Superior Court and immediately qualified as such. On October 11, 1945, Essie A. Lewis and her present husband Grant Lewis, through proper action in the St. Joseph Superior Court, adopted both of said children, had their surnames changed to Lewis and as such adoptive parents brought this action to remove the appellant as their guardian. As indicated above the Lewises prevailed and the court entered the judgment here involved.

It appears to be well settled that a guardian, as such, cannot appeal from a judgment removing him as guardian. The order of removal is self-executing and operates instanter leaving no guardian in whom a right to appeal can vest. *Union, etc., Trust Co., Admr.* v. *Eddingfield, Admr.* (1922), 78 Ind. App. 286, 134 N. E. 497, and cases cited; *Taylor* v. *Savage* (1843), 1 How. (U. S.) 282, 11 L. Ed. 132. It

is also well settled that procedure under our civil code excludes appeals by persons against whom no judgment is rendered and who were not parties to the proceedings below. § 2-3201, Burns' 1946 Replacement; *Jager* v. *Doherty* (1878), 61 Ind. 528; *Board, etc.* v. *Wild* (1905), 37 Ind. App. 32, 76 N. E. 256; *State* v. *Nagel* (1928), 200 Ind. 270, 163 N. E. 97.

The appellees contend that this suit was brought against the appellant in his representative capacity; that he, as an individual, was not a party thereto and no judgment was rendered against him as an individual and therefor he has no appeal as such. With this we cannot agree. We think suits to remove guardians, however styled, are necessarily brought against the individual. The very purpose of the suit is to reach the individual and strip him of his representative powers. It is the individual who is laid hold of and removed from his trust. It is the individual who fails to perform his duties as a guardian and it is the individual who takes the oath. The judgment must necessarily be against the individual that he be and is thereby removed from his trust. So in our opinion this suit, making "William W. Sibley, guardian of Janet Mae Sibley and Sue Ann Sibley" a party defendant, was, in fact and law, instituted against William W. Sibley as an individual and the words "guardian, etc." are merely *descriptio personae* and properly used to designate the matter concerning which said Sibley is being sued. The judgment appealed from is as follows:

> "It is Therefore Ordered, Adjudged and Decreed that William W. Sibley be and he is hereby, removed as guardian of said Janet Mae Lewis and Sue Ann Lewis; and it is further ordered that all costs occasioned by such removal of said guardian be, and they are hereby, taxed against said William W. Sibley as an individual and not in his fiduciary capacity as such guardian."

It is apparent that this judgment is against William W. Sibley individually and an appeal from such judgment, as an individual, is authorized by statute. § 2-3201, Burns' 1946 Replacement.

Proceedings of this character are governed by ■ § 8-132, Burns' 1933:

"The court by whom or by whose clerk any guardian has been or may be appointed, or the judge thereof in vacation, may, at any time, remove such guardian, upon written application of his ward or wards, or any person in behalf of said wards, for . . ., or any other cause which, in the opinion of such court, or the judge thereof in vacation, renders it for the interest of the ward that such guardian shall be removed, . . . ."

This statute has frequently been construed as vesting a very broad discretion in the courts of original jurisdiction in the matter of removing or refusing to remove guardians and consequently appellate courts will not interfere unless it clearly appears that there has been an abuse of such discretion. The Supreme Court has put the rule in the following language: "In cases like this, a large discretion must necessarily be left to the courts having original jurisdiction, and we will not disturb their action unless that discretion is *grossly* abused." (Emphasis supplied). *Johnson* v. *Metzger, Guardian* (1884), 95 Ind. 307.

We have heretofore set out some of the facts pertinent to this question. In addition thereto it appears that Helen N. Sibley died testate and by Item III ■■ of her will all her estate was left to her mother, Essie A. Lewis, in trust for her two children, Janet Mae and Sue Ann. Said Item III contains the following clause: "Should any of my assets be such as to direct payment to a so-called guardian of my said children I direct that in substitution thereof payment

be made to my said trustee and/or trustees hereinbefore named." Shortly after the death of her husband, Helen N. Sibley and the two children went to live with Essie A. Lewis, and after Helen's death, on October 1, 1945, the children have continued to live and still live with the Lewises, their adoptive parents. They are being well cared for, are living in comfortable circumstances, receiving religious training and are being educated 'as befits their station in life. They are practically strangers to the appellant and their small estate, since their mother's death, has been in the possession and control of the appellees.  After the appellant was removed as their guardian the court appointed Essie A. Lewis, their maternal grandmother and adoptive mother, in such capacity. The only assets of the wards not passing to Essie A. Lewis, trustee, under the terms of Helen N. Sibley's will, consist of the cash proceeds of a $1,000 insurance policy on the life of Helen N. Sibley payable to said children and 13 U. S. War Bonds, Series E, aggregating $550. In addition to these assets there are several industrial policies on the lives of the children, the present surrender value of which does not exceed $125.

It is true that the appellees, in their petition seeking the appellant's removal, make certain specific charges against him which the evidence wholly fails to sustain. But the petition contains the general charge that it would be to the best interests of the children if the appellant were so removed and we cannot say that the court in so finding and adjudging abused its discretion. The appellees, as the adoptive parents of the Sibley children, are their natural guardians and certainly the record discloses no reason why they should be deprived of their custody. The estate involved is small and Helen Sibley's wish in respect thereto, as expressed

in her will, although not constituting the appointment of a guardian as provided by § 8-103, Burns' 1933, was no doubt given serious consideration by the court and properly so. 39 C. J. S. Guardian and Ward, § 17 (b). The entire record no doubt convinced the trial court, as it has us, that the custody of the children should remain where it now actually is and having so concluded we can see no abuse of discretion in finding that their small estate should likewise be administered by the appellees. Economy, convenience and the efficient discharge of their duties as the adoptive parents of the children make a divided responsibility unwise.

Judgment affirmed.

NOTE.—Reported in 75 N. E. (2d) 420.