STATE OF INDIANA EX REL. BOTKIN, GUARDIAN, ETC. *v.*
LEFFLER, JUDGE OF DELAWARE CIRCUIT COURT.

[No. 29,090. Filed October 15, 1953.]

*Elmon M. Williams* and *Noel C. Neal*, of Indianapolis, and *Sidney E. McClellan* and *Clarence E. Benadum*, both of Muncie, for relator.

*Ogle & Manor*, of Muncie, and *Bowen, Mendenhall & Hunter*, of Winchester, for respondent.

BOBBITT, C. J.—By this action relator seeks to compel the Delaware Circuit Court and Paul E. Leffler, as Judge thereof, to grant a motion for change of judge in an action to remove her as guardian of one Farra L. Botkin. The application alleged certain acts of neglect of duty and fraudulent conduct as grounds for removal. We issued an alternative writ of mandate commanding respondent to sustain and grant the motion for change of venue from the judge or, in default thereof, to show cause, if any, why such motion should not be granted.

Respondent filed his answer and return alleging that he had not ruled on the motion for change of venue for the reasons that the proceeding was not a civil action; the granting of a change of venue is not mandatory and is not authorized by statute in actions pertaining to the removal of a guardian on account of his or

her failure to faithfully perform the duties of the trust.

The question thus presented is whether or not a change of judge may be had in an action to remove a guardian. If so, the alternative writ heretofore issued should be made absolute and, if not, it should be dissolved.

Acts 1881 (Spec. Sess.), ch. 58, §1, p. 526, being §8-132, Burns' 1933, provides as follows:

"The court by whom or by whose clerk any guardian has been or may be appointed, or the judge thereof in vacation, may, at any time, remove such guardian, upon written application of his ward or wards, or any person in behalf of said wards, for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, removal from the state, or any other cause which, in the opinion of such court, or the judge thereof in vacation, renders it for the interest of the ward that such guardian shall be removed, he having ten [10] days' notice thereof; . . . ."

An action to remove a guardian is a special statutory procedure, not triable by jury, but by the court by whom or by whose clerk the guardian is appointed, or by the judge thereof in vacation. §8-132, *supra.*

See also: *State ex rel. Newkirk* v. *Sullivan Circuit Court* (1949), 227 Ind. 633, 88 N. E. 2d 326.

It is brought against the guardian as an individual. Any judgment of removal must be against the individual; *Sibley* v. *Lewis* (1947), 117 Ind. App. 655, 658, 75 N. E. 2d 420; and an appeal from such judgment is authorized by statute. Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240, being §2-3201, Burns' 1946 Replacement; *Sibley* v. *Lewis, supra,* at p. 659.

*State ex rel. Newkirk* v. *Sullivan Circuit Court,*
*supra,* involved the removal of a member of the county
board of public welfare. The statute[1] provides
that "The judge of such court may, at any time,
remove any member of the county board of public
welfare for misconduct, incapacity or neglect of duty,
after due notice in writing." At page 637 we said:
"We interpret this provision to mean that he cannot
be removed without a hearing." A similar provision
relative to the removal of a guardian must be inter-
preted to mean that the guardian has a right to trial
of the issue.

The statute providing for the removal of a guardian,
as does that for the removal of a member of the county
board of public welfare, specifies certain causes for
removal and provides for notice. Neither statute makes
provision for a change of venue. This court held in
the Newkirk case that a change of judge may be had
in a proceeding to remove a member of the county
board of public welfare and, this being true, it seems
logically to follow that one must be granted, when
requested, in a proceeding to remove a guardian.

In *State ex rel. Carvin* v. *Barger* (1947), 225 Ind.
180, 73 N. E. 2d 673, a change of venue was sought in
an action to establish the paternity of a child. In
answer to respondent's contention that such action was
not a "civil action" but rather was a special statutory
proceeding and no change of venue had been expressly
provided in the statute, this court at p. 182, quoting
from *Johnston* v. *State* (1937), 212 Ind. 375, 8 N. E.
2d 590, 10 N. E. 2d 40, said:

> " 'It must follow that any adversary proceeding
> involving the protection of private rights or the

---

1. Acts 1947, ch. 83, §1, p. 251, being §52-1118 Burns' 1951
Repl.

redress of private wrongs comes within the group designated as civil action, and either party is entitled to a change of venue from the county, notwithstanding the proceeding is a special statutory one, unless there is a provision to the contrary in the statute providing for the proceeding. . . . It has long been recognized that, where the statute is silent on the subject of a change of venue, the mere fact that a proceeding is a special statutory one, does not preclude the right to a change. Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by the statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs.' "

Any neglect of duty or fraudulent conduct by the guardian herein is a private wrong against the ward. The action here seeks a redress of that alleged wrong. The proceeding requires notice to the guardian and a judicial hearing before the court and falls clearly within the rule applied in the cases above cited. It is, therefore, a civil action within that term as used in Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Repl. It is also clearly a matter of a statutory "nature not triable by a jury," and the fact that the statute is silent on the subject of a change of venue does not preclude the right thereto.

We believe this action comes clearly within the provisions of §2-1402, *supra*, and relator is entitled to a change of judge.

Respondent having failed to show cause why relator's motion for a change of judge should not be granted, the alternative writ of mandate heretofore issued is hereby made absolute.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 804.