STATE EX REL. GLASSCOTT, ETC. ET AL. *v.* LAPORTE SUPERIOR COURT, DONALD E. TRANSKI, SPECIAL JUDGE.

[No. 30,818. Filed November 23, 1965. Rehearing denied January 11, 1966.]

*R. Kent Rowe,* and *Mills and Rowe,* of South Bend, for relators.

*Kenefick, Castello & Schumann,* of Michigan City, for respondents.

ARTERBURN, J.—The relators have filed in this cause a verified petition for a writ of mandate against the respondent court and special judge, asking that the court be compelled to grant the relators' petition for a change of venue from the county. No answer or response has been filed thereto by the respondents after due notice.

The petition shows that in the trial court on June 18, 1965, Robert M. Schaumann, as next friend for and on behalf of Jane B. Dempsey, incompetent, and Milton J. Dempsey and Frederick Charles Dempsey, minors, filed a petition for the removal of the Co-Guardians (who are the relators herein) in the guardianship estate pending in the LaPorte Superior Court.

Thereafter, on July 19, 1965 the relators and Co-Guardians filed a motion for a change of venue from the county, the time being 31 days after the filing of the petition for removal of the Co-Guardians. The Co-Guardians point out that the 30th day fell on Sunday and that they filed a motion for a change of venue from the county on Monday immediately following Sunday, July 18, 1965. The motion was denied by the trial court.

Paragraph 3 of Rule 1-12B of this Court provides:

"3. Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty (30) days after the filing of such case within which to request a change from the judge or the county."

Burns' Ind. Stat. Anno. § 2-4704 (1946 Repl.) provides:

*"Computation of Time.*—The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded."

It therefore appears that the application for a change of venue was filed within time in this case.

We do not have the benefit of a brief or response on behalf of the respondent herein. It appears to us, however, that a prima facie case has been made by the petitioner.

In *State ex rel. Botkin, etc.* v. *Leffler* (1953), 232 Ind. 541, 114 N. E. 2d 804 we held that a petition to remove a guardian is not only a statutory, but also a "civil action." See also: *Johnston* v. *State* (1937), 212 Ind. 375, 8 N. E. 2d 590, 10 N. E. 2d 40.

In *State ex rel. Burnheimer, etc.* v. *Noble Circuit Court, et al.* (1955), 234 Ind. 139, 124 N. E. 2d 379, we held a petition for the termination of a guardianship entitled the parties thereto to a change of venue. It was further stated at page 141:

" '. . . Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by the statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs.' "

The petition for a writ of mandate is granted, requiring the respondent to grant the change of venue from the county.

Myers, C. J. and Jackson, J., concur. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 612.