In the Matter of the Objections of Lorinda GOETCHEUS to the Fourth Amended Current Report of Shelby National Bank, Guardian of Lorinda Compton.

The Shelby National Bank, Appellant (Respondent and Guardian Below)

Lorinda Goetcheus, Appellee (Intervenor Below)

Warren L. Chesser, Appellee (Successor Guardian Below)

Maurice M. Pickett, Appellee (An Interested Party Below)

In the Matter of the GUARDIANSHIP OF Lorinda COMPTON, Incompetent.

The Shelby National Bank, Appellant (Respondent and Guardian Below)

Lorinda Goetcheus, Appellee (Intervenor Below)

Warren L. Chesser, Appellee (Successor Guardian Below)

Maurice M. Pickett, Appellee (An Interested Party Below)

No. 1–282A47.

Court of Appeals of Indiana, First District.

March 10, 1983.

Phillip W. Brown, Brown, Brown & McQueen, Shelbyville, Anthony W. Mommer, Krieg, DeVault, Alexander & Capehart, Indianapolis, for appellant.

Robert D. Jones, Morristown, for appellees.

ROBERTSON, Presiding Judge.

This appeal involves the removal of appellant, the Shelby National Bank (Bank), as guardian of Lorinda Compton, an incompetent who is now deceased, and surcharges against the Bank for alleged breaches of its duty as guardian.

We reverse.

On July 14, 1975, Maurice Compton (Maurice) died testate a resident of Shelby County, Indiana. The Shelby Circuit Court appointed the Shelby National Bank as executor of the will and as trustee of the testamentary trust created by the will. Maurice was survived by his widow, Lorinda Compton, who at the time of his death was a patient in the Heritage Manor Convalescent Home in Shelbyville, Indiana. She was 76 years old and unable to care for herself or provide for her business affairs. On July 25, 1975, a petition was filed for the appointment of a guardian over the person and estate of Lorinda. The Shelby Superior Court appointed the Shelby National Bank as her guardian on August 11, 1975.

The Bank, as guardian, filed three current reports on the following dates: December 8, 1976; August 30, 1977; August 31, 1978. On December 6, 1978, Lorinda died. On April 4, 1979, the guardian filed a petition to pay claim for services rendered to Lorinda during the existence of the guardianship.

Intervenor, Lorinda Goetcheus, (Intervenor) filed a motion to intervene which was granted on April 12, 1979. On December 26, 1979, Intervenor filed a petition for an order to show cause why the guardian should not be removed. The Bank filed a motion for change of venue from the judge on January 7, 1980. On February 22, 1980, the Bank filed its final report covering the period from August 12, 1978, to February 21, 1980. On March 4, 1980, Intervenor filed objections to the Bank's final report. Two days later, the Bank filed another motion for change of venue from the judge and its objection to jurisdiction of the regular judge.

On March 12, 1980, the Shelby Superior Court ordered the Bank's fourth and final amended current report and Intervenor's objections transferred to the civil docket of such court. It heard arguments on the motion for change of venue from the judge addressed to Intervenor's objections to the final report and took such matter under advisement. It scheduled a hearing on the motion for change of venue addressed to Intervenor's petition to show cause why the guardian should not be removed for April 3, 1980. The court set trial on the guardian's fourth amended current report and the Intervenor's objections to it for April 10, 1980, in the civil docket of the Shelby Superior Court.

On April 3, 1980, a pre-trial conference was held and Intervenor dismissed her petition for an order to show cause why the guardian should not be removed. The Shel-

by Superior Court then determined that the motion for change of venue from the judge addressed to that petition was moot. The court further affirmed its action of March 12, 1980, retaining under advisement the Bank's motion for change of venue from the judge addressed to Intervenor's objections to the final report.

On August 4, 1980, Intervenor filed her restatement of objections to the Bank's amended fourth current report. The Shelby Superior Court then proceeded with the trial of Intervenor's restated objections to the guardian's amended fourth current report in the civil docket. On September 4, 1981, the trial court entered its findings of fact, conclusions of law, and order removing the Shelby National Bank as guardian. The Shelby Superior Court appointed Warren Chesser as successor guardian.

On December 18, 1981, the guardian filed a third motion for change of venue from the judge with respect to a surcharge hearing which had been scheduled in the Shelby Superior Court in its civil docket. The Shelby Superior Court overruled such motion for change of venue and held a hearing on consideration of surcharges and attorney's fees. The Shelby Superior Court entered its amended final judgment on April 22, 1982, removing the Bank as guardian and surcharging the Bank for breaches of duty as guardian. On April 29, 1982, the Bank filed its praecipes for records.

This appeal turns on the issue of whether the trial court erred in failing to grant the second change of venue from the judge. The Bank argues that its motion for change of venue automatically terminated the jurisdiction of the regular judge and consequently, the trial court had no jurisdiction to remove and surcharge the Bank as guardian. Intervenor argues that the motion for change of venue never became effective because it was based upon contemplation of the transfer of the final report and objections to the civil docket and thus

1. Trial Rule 76 in effect at the time the motions were filed in this case provided for the same

would be a separate case. We agree with the Bank, and find that the trial court erred in failing to grant an automatic change of venue from the judge and therefore, the court lacked authority to enter final judgment.

Trial Rule 76 of the Indiana Rules of Procedure provides in part:

(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney . . . .

(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such cases within which to request a change from the judge or the county.[1]

In addition, Ind.Code § 34–2–12–1 provides:

When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions.

Trial Rule 76 along with the above statute covers any "civil action" and makes it mandatory to grant a change of venue when the time limitations are satisfied. The theory underlying Indiana's change of venue provisions is that a litigant is entitled to a

automatic change of venue in all civil actions.

change of venue when it is necessary to preserve the litigant's right to a fair trial.[2]

The first question to be answered is whether a petition for an order to show cause why a guardian should not be removed and objections to a guardian's final report are "civil" actions within the provisions of T.R. 76. The courts in Indiana have defined a "civil action" in the following manner:

> [I]t is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such action is conclusive upon the rights of the parties, and could be plead in bar. (Citations omitted).

*State v. Whitley Circuit Court,* (1963) Ind., 186 N.E.2d 881, 882. A petition to remove a guardian has been expressly recognized as a "civil action" which entitles the guardian to seek a change of venue from the judge. *State v. LaPorte County Superior Court,* (1965) 247 Ind. 137, 211 N.E.2d 612. Proceedings on objections to a guardian's final report have also been recognized to be "civil actions". *Kney v. Gahimer,* (1935) 99 Ind. App. 510, 193 N.E. 394.

In this case, the Bank filed a motion for change of venue from the judge subsequent to Intervenor's motion on objections to the final report. The timeliness of this motion is governed by T.R. 76(3). This rule allows thirty days after filing of the case within which to request a change of venue where no pleading or answer is required to be filed. This motion for change of venue was filed nine days after Intervenor filed objections to the final report. Such motion was filed well within the thirty day time limitations.

These proceedings, being recognized as a "civil action", entitled the Bank to file for an automatic change of venue from the judge. The motion was timely filed. Hence, the trial court erred in refusing to grant the motion for change of venue. The trial court was divested of power to continue with the proceedings. Consequently, this judgment is reversed with instructions to sustain the motion for change of venue.

Judgment reversed.

RATLIFF and NEAL, JJ., concur.

---

2. Harvey and Townsend, *Indiana Practice—* *Rules of Procedure Annotated* p. 561 (1976).